IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERESA A. TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:03cv0788-A |
| | ) | WO |
| ENTERPRISE CITY BOARD OF | ) | |
| EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This cause is before the court on the Plaintiff's Supplement to Brief of Defendants' Other Acts.  For good cause shown, it is hereby ORDERED as follows:

With respect to supplemental items regarding the certification of Ronnie Retherford, the Motion in Limine (Doc. # 53) is GRANTED, for the reasons discussed in the Memorandum Opinion and Order on the Motion for Summary Judgment.

With respect to testimony by Board members regarding their alleged policy of approving superintendent recommendations without further inquiry, that evidence is relevant and admissible.  This evidence may include testimony of Board members as to their approval of recommendations by former Superintendent Morton and Superintendent Reese.  The court will allow testimony by the Board members as to the alleged policy, or will allow deposition excerpts from Board members which discuss the alleged policy, except to the extent that the deposition excerpts refer to the certification issues regarding Retherford.  Any deposition excerpts previously designated, or designated by May 13, 2005, may be subject to objections by the Defendants on grounds other than relevance, however.

The Motion in Limine (Doc. #53) is denied as to Exhibit 37.  The Plaintiff has sufficiently established knowledge of this exhibit by relevant decision makers to demonstrate its

relevance. The court further finds that this exhibit is not subject to exclusion under Rule 403. The Motion in Limine (Doc. # 53) is granted, however, as to Exhibit 207. The relevance of Exhibit 207 as identified by the Plaintiff, that Rainer might have disclosed that the Plaintiff had made negative comments about the system had he been contacted by another school system, is too speculative to provide a basis for admissibility.

Based upon the clarification by the Plaintiff that she seeks to compare scores by Weakly of Jackie Dubose for elementary positions, Exhibits 33, 37, 44, and 46 are admissible.

The court will allow testimony of Vickers that he spoke with Reese about his concerns about Irma Townsend's professionalism, including testimony that he told Reese about things he had heard, with an appropriate limiting instruction. Excerpts from Vickers' deposition are subject to objection by the Defendants on grounds other than relevance.

The Motion in Limine (Doc. #53) is GRANTED as to comparisons between position descriptions and qualifications for the June 2001 and August 2003 Rucker Boulevard principal positions for the reasons discussed in the Memorandum Opinion and Order on the Motion for Summary Judgment.

It is further ORDERED that any changes the parties wish to make in their disclosed witnesses and exhibits, or designated deposition excerpts, must be made by **May 13, 2005.** This new deadline does not necessarily preclude timeliness objections. The parties are given until **May 20, 2005** to file any objections to new evidence or deposition excerpts. The court notes that no deposition excerpts designation was filed previously by the Plaintiff, although they may have been delivered to defense counsel. Depositions may not be designated by listing an entire deposition.

Done this 11th day of May, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE